Daniel J. Bugbee, OSB #155244
E-Mail: dbugbee@lawdbs.com
DBS | Law
155 NE 100th St, Suite 205
Seattle, WA 98125
Telephone: (206) 489-3802
Facsimile: (206) 973-8737
Attorneys for ECMC

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

| | |
|---|---|
| Educational Credit Management Corporation,<br><br>      Plaintiff,<br><br>v.<br><br>William Ghiorso dba Ghiorso Law Offices,<br><br>      Defendant. | Case No.<br><br>COMPLAINT |

NOW COMES Plaintiff, Educational Credit Management Corporation (ECMC), seeking relief against William Ghiorso dba Ghiorso Law Offices ("Defendant"), and alleging as follows:

**PARTIES**

1. ECMC is a private, non-profit Minnesota corporation and guaranty agency and, pursuant to 20 U.S.C. § 1095a and 34 C.F.R. § 682.410 (b)(9), has the authority to pursue this lawsuit.

2. William Ghiorso is the owner of Ghiorso Law Offices, a solo proprietorship which a principal place of business at 495 State Street, Suite 500, Salem, Oregon, 97301.

COMPLAINT - PAGE 1

DBS|LAW
A Professional Limited Liability Company
155 NE 100th Street, Suite 205   Seattle, WA 98125
p: 206.489.3802 | f: 206.973.8737

## JURISDICTION

3. This Court has jurisdiction to hear this Complaint pursuant to 28 U.S.C. § 1331, as a civil action arising under 20 U.S.C. § 1095a(a)(6) and 34 C.F.R. § 682.410(b)(9)(i)(P).

## VENUE

4. Because the Defendant resides in Oregon, venue for this action is proper in the District of Oregon, pursuant to 28 U.S.C. § 1391(c).

## FACTUAL ALLEGATIONS

5. Under Title IV, Part B, of the Higher Education Act of 1965 (HEA), Congress enacted a program in which the federal government encouraged the making of loans by private lenders to finance eligible students' post-secondary education. *See* 20 U.S.C. §§ 1071(a), 1085(d). The federal government encourages the making of these loans by having the U.S. Secretary of Education pay part of the student's interest and costs, and guaranteeing repayment of the loan if the student defaults. *See* 20 U.S.C. § 1078(a), (c). This program is presently known as the Federal Family Education Loan Program (FFELP).

6. To assist the Secretary in implementing and operating the FFELP, the HEA provides that the Secretary may enter into agreements with guaranty agencies. *See* 20 U.S.C. §1085(j). A guaranty agency guarantees payment of a loan made by an eligible lender and pays the holder of the loan if the student defaults. The Secretary thereafter reimburses the guaranty agency for all or part of these payments under a re-insurance agreement with the agency. *See* 20 U.S.C. § 1078(c). Guaranty agencies also receive funds to administer the FFELP on behalf of the Secretary, including collecting defaulted student loans for which the guaranty agency has paid the holder and received reimbursement from the Secretary. *See* 20 U.S.C. § 1078(c)(2). When a guaranty agency collects money on a defaulted student loan, it sends the majority of the money to the Secretary and retains a portion to defray costs of collection. *See* 20 U.S.C. § 1078(c)(2)(D).

DBS|LAW
A Professional Limited Liability Company
155 NE 100th Street, Suite 205   Seattle, WA 98125
p: 206.489.3802 | f: 206.973.8737

7. To assist the Secretary and the guaranty agencies in collecting defaulted student loans, Congress gave guaranty agencies the authority to administratively issue orders to defaulted borrowers' employers requiring them to withhold up to fifteen percent (15%) of the disposable income of these borrowers. *See* 20 U.S.C. § 1095a. This section explicitly preempts state laws and sets forth procedures for providing students with due process, including prior notice of the agency's intent to withhold, a hearing if requested, and the issuance of a Withholding Order. *See* 20 U.S.C. § 1095a(a), (b); 34 C.F.R. § 682.410(b)(9). This section also provides that guaranty agencies may sue employers who do not deduct and pay over as directed in the Withholding Order. *See* 20 U.S.C. § 1095(a)(6); 34 C.F.R. § 682.410(b)(9)(i)(P).

8. ECMC is a guaranty agency under the FFELP.

9. William L. Ghiorso (Borrower) owes a student loan debt to ECMC that is in default.

10. Borrower owns his own business, which he works at and is believed to earn income from.

11. As Borrower's employer, Defendant pays wages to Borrower.

12. On February 13, 2018, ECMC served Borrower with the required thirty (30) day Notice Prior To Wage Withholding. A true and correct copy of the Notice is attached as Exhibit A.

13. Because no hearing was requested under 20 U.S.C. § 1095a(a)(5)(b), ECMC issued an Order of Withholding from Earning (the "Withholding Order") on March 20, 2018. A true and correct copy of the Withholding Order is attached as Exhibit B.

14. No representative or officer of the Defendant contacted ECMC regarding the Withholding Order, and Defendant did not remit any of the Borrower's wages in accordance with the Withholding Order. Therefore ECMC sent Defendant a Notice of Employer Non-Compliance (the Second Notice) on May 4, 2018 requesting compliance with the Withholding

COMPLAINT - PAGE 3



A Professional Limited Liability Company
155 NE 100th Street, Suite 205    Seattle, WA 98125
p: 206.489.3802  |  f: 206.973.8737

Order.  A true and correct copy of the Second Notice is attached as Exhibit C.

15. On January 11, 2019 ECMC sent Defendant a demand letter further requesting compliance with the Withholding Order.  A true and correct copy of the letter is attached as Exhibit D.

16. Defendant has, at all relevant times, refused to comply with the Withholding Order.

**VIOLATION OF 20 U.S.C. § 1095a**

17. Based on the foregoing, Defendant is in violation of 20 U.S.C. § 1095a, which provides that guaranty agencies, such as ECMC, may administratively garnish up to fifteen percent (15%) of the disposable earnings of defaulted student loan borrowers by issuing a Withholding Order to the borrower's employer.

18. Because Defendant has failed to comply with the Withholding Order, Defendant, pursuant to 20 U.S.C. § 1095a(a)(6), is liable for any and all amounts it failed to withhold following receipt of the Withholding Order.

19. The amount due to ECMC is fifteen percent (15%) of Borrower's disposable earnings, or such lesser amount, as required by 15 U.S.C. § 1673, from the date of Defendant's receipt of the Withholding Order to the date Borrower ceases to be employed by Defendant or the date this court enters judgment.

20. Pursuant to 20 U.S.C. § 1095a(a)(6), ECMC is entitled to its' attorneys' fees and costs associated with pursuing this action and, in the court's discretion, punitive damages.

**INJUNCTION**

21. Based on Defendant's continuing refusal to comply with the terms of the Withholding Order, ECMC seeks a mandatory injunction requiring Defendant to withhold and remit fifteen percent (15%) of Borrower's disposable earnings, or the amount required under 15 U.S.C. § 1673, if less, until Borrower's student loan debt is paid in full or Borrower terminates his/her employment with Defendant, whichever occurs earlier.

DBS | LAW
A Professional Limited Liability Company
155 NE 100th Street, Suite 205   Seattle, WA 98125
p: 206.489.3802  |  f: 206.973.8737

22.     ECMC does not have an adequate remedy at law to prevent the multiplicity of lawsuits that would result from a continuing violation of 20 U.S.C. § 1095a by Defendant and, thus, is entitled to injunctive relief in addition to damages for Defendant's past violations.

WHEREFORE, ECMC respectfully requests this Court grant ECMC:

1. An injunction requiring the appropriate amount of money to be withheld from Borrower's wages and remitted to ECMC until Borrower's defaulted student loan debt is either paid in full or he/she no longer works for Defendant;

2. Damages in the amount that Defendant should have withheld from Borrower's wages;

3. Attorneys' fees and costs;

4. Punitive damages;

5. Pre and post-judgment interest on this amount, as allowed by law; and,

6. Such other relief as the Court deems appropriate.

DATED this 8th day of February, 2019.

*s/Daniel J. Bugbee*
Daniel J. Bugbee, OSB #155244
DBS Law
*Attorneys for Plaintiff*

COMPLAINT - PAGE 5

DBS|LAW
A Professional Limited Liability Company
155 NE 100th Street, Suite 205   Seattle, WA 98125
p: 206.489.3802  |  f: 206.973.8737

**ECMC**  P.O. Box 64909
St. Paul, MN 55164-0909

# EXHIBIT A

WILLIAM L GHIORSO
39139 SHILLING DR
SCIO OR 97374-9599



## NOTICE PRIOR TO WAGE WITHHOLDING

**THIS NOTICE PRIOR TO WITHHOLDING IS ISSUED ON:   02/13/2018**

You are given notice that Educational Credit Management Corporation (ECMC), pursuant to federal law (20 U.S.C. § 1095a, 34 C.F.R. § 682.410(b)(9)), intends to order your employer to withhold money from your pay (a process known as administrative wage garnishment) for payment of your defaulted ECMC-guaranteed federal student loan(s) unless you take the action set forth in this Notice.

> **RE:**  Defaulted Student Loan(s)
> **Personal Identification Number:** ▉▉▉▉896
> **TOTAL AMOUNT CURRENTLY OWED:** $ 102,358.89

Total amount currently owed includes principal, interest and projected statutory collection costs. See Attachment A for a list of your loans subject to administrative wage garnishment.

You must establish a repayment agreement with ECMC within 30 days of the date of this Notice by visiting www.ecmc.org/myaccount or calling 877-261-2387. Otherwise, ECMC will proceed to collect this defaulted federal student loan(s) through administrative wage garnishment.

You have the right to request a hearing, within 30 days of the date of this Notice, for any objection regarding the existence, amount, or enforceability of the loan(s), or any objection that the withholding proposed in this Notice would cause you financial hardship as defined by 34 C.F.R. § 682.410(b)(9)(ii)(E). If you miss this deadline, you may still be entitled to a hearing, but the hearing will not take place prior to the issuance of an Order of Withholding to your employer. You must make your request for a hearing in writing. Telephone requests will not be honored.





**How to request a hearing**

Complete the enclosed form and return it to ECMC within 30 days of the date of this Notice. You may mail, email or fax your Request for Hearing or Exemption to ECMC as instructed on the enclosed form. If mailing, please state on your envelope "Wage Withholding Appeal Enclosed." If you request a hearing it may take place in one of three ways:

- **In writing:** By delivering your written statement and supporting documentation to ECMC. ECMC will then submit these documents along with our own documents to an independent hearing official who will decide whether or not your defaulted ECMC-guaranteed federal student loan(s) is subject to wage withholding.

- **By telephone:** A conference call will be set up between you, ECMC and the hearing official.

- **In person:** If you request a hearing in person, it will be held at a time and place established by ECMC and you must pay your own expenses to appear at this hearing.

The hearing will be a review of your written statement on the enclosed Request for Hearing or Exemption form and all relevant supplied documents unless you specifically request an in-person or telephone hearing. We will advise you when, where and how your hearing will be held.

**The following are considered valid reasons for requesting a hearing.**

- You dispute the existence of this loan(s). If, for example, you believe this loan(s) has been paid, please enclose any proof you have that the loan(s) has been paid in full along with your Request for Hearing or Exemption form. If you are not the person owing this loan(s), please refer to the section below, which addresses that situation.

- You dispute the amount of this loan(s).

- You object to the enforceability of this loan(s).

- You object because having payments equal to 15 percent of your disposable pay withheld from your paycheck would constitute a financial hardship as defined by regulation.

**The following are <u>not</u> considered valid reasons for requesting a hearing.**

- The school you attended was unsatisfactory to you.

- You were unable to obtain employment in the field for which the school prepared you.





Unless you act within 30 days of the date of this Notice, your employer will be ordered to deduct from your wages an amount equal to no more than 15 percent of your disposable pay for each pay period, or the amount permitted by 15 U.S.C. § 1673 (unless you give ECMC written consent to deduct a greater amount) to repay your defaulted federal student loan(s) held by ECMC.

Disposable pay is defined by regulation and includes pay that remains after the deduction of health insurance premiums and any amounts required by law to be withheld (e.g., Social Security taxes and withholding taxes) (34 C.F.R. § 682.410(b)(9)(ii)(C)). Your employer will be ordered to deduct this amount no later than the first pay period that occurs after the date on which the Order of Withholding is issued. And, your employer will be required to deduct this amount each time you are paid until ECMC rescinds the Order of Withholding.

You have an opportunity to inspect and copy ECMC's records relating to your defaulted federal student loan(s). All requests for documentation must be in writing. Telephone requests will not be honored. **Please note that a request for documents will not prevent garnishment of your wages.**

You have an opportunity to enter into a written repayment agreement with ECMC to avoid wage garnishment.

If you inform ECMC that you have been involuntarily separated from employment, ECMC will not withhold wages until you have been re-employed continuously for 12 months. If you wish to claim this exemption from wage withholding, you have the burden of informing ECMC of the circumstances surrounding your involuntary separation and need to complete the enclosed Request for Hearing and Exemption form.

An employer may not discharge you, refuse to employ you or take disciplinary action against you because your wages are withheld for payment of a defaulted student loan(s). If an employer takes any of these actions, you may seek judicial relief in a court of competent jurisdiction.

**If you are not the person who owes this debt**, please notify us immediately upon your receipt of this Notice so that we can prevent issuance of an Order of Withholding to your employer. You may call us at 877-261-2387 to notify us, but you should also send a copy of identifying documentation for verification purposes. Correspondence for this purpose should be mailed to:

> ECMC
> Attention: Wage Withholding Administrator
> 111 Washington Avenue South, Ste. 1400
> Minneapolis, MN 55401



Educational Credit Management Corporation



## REQUEST FOR HEARING OR EXEMPTION

Name: _____   Last 4 digits of SSN: _____

Address: _____   Home Phone: _____

_____   Work Phone: _____

### INSTRUCTIONS

Use this form to request a hearing or claim exemption from administrative wage withholding. Complete all parts that apply and return the completed form and any required documentation to the address given following PART III. Be sure that your **name and the last four digits of your Social Security number** appear on all documents and sheets of paper that you submit with this form.

If you wish to enter into a repayment agreement in order to prevent wage withholding, **DO NOT USE THIS FORM.** Instead, contact ECMC's Collection Department at 877-261-2387 or go to www.ecmc.org/myaccount. By agreeing to repay, you are also agreeing that you do not contest administrative wage garnishment as a means of collecting your defaulted ECMC-guaranteed federal student loan(s). **If you do not honor the repayment agreement, your loan(s) can be collected by garnishment without further notice.**

### PART I.  REQUEST FOR HEARING

Check **ONLY ONE** of the following, and then complete Parts II and III of this form.

☐ I want a hearing based on my **written statement** and the records in my loan file.

☐ I want a hearing by **telephone**. Provide a telephone number where you can be reached during the day . (_____)_____

☐ I want an **in-person** hearing at a time and place established by ECMC. I understand I must pay my own expenses to appear at this hearing.

### PART II. REASONS WHY YOU OBJECT TO GARNISHMENT

CHECK one or more reasons that apply. Explain any further facts concerning your objection on a separate sheet of paper. You have the burden of proving any claims raised by your objection(s). The hearing on your objection(s) will be conducted based on the information on this form, any documentation you provide and the documentation maintained by ECMC. Please note, failure to provide written proof of your objection(s) may result in a hearing official issuing a decision to deny your objection as unsubstantiated.

☐ I was involuntarily separated from employment and have not been re-employed continuously for 12 months. Attach support for your involuntary separation claim such as: documents from your state Employment Commission (or a similar agency) indicating a position on your entitlement to unemployment compensation or a statement from your past and present employer indicating employment dates. Please note, failure to support your claim of involuntary separation may result in a decision by the hearing official to deny your objection.

My **previous** employer was:

_____

_____
Address                          City              State    Zip

Telephone: (_____)_____  Date of Separation: _____





My **present** employer is:

_____

_____
Address                              City               State        Zip

Telephone: (_____)_____   Date of Hire: _____

☐ I do not owe the full amount shown because I repaid some or all of this loan(s). (Enclose copies of the front and back of all checks, money orders and any receipts showing payments made to the holder of the loan(s).)

☐ I am making payments on this loan(s) as required under the repayment agreement reached with the holder of the loan(s). (Enclose copies of the repayment agreement and copies of the front and back of all checks where you paid on the agreement.)

☐ Garnishment of 15 percent of my disposable pay would result in a financial hardship as defined by regulation. (You will be mailed financial disclosure forms that you should complete and return to support your claim, along with copies of all documentation required to support your claims on those forms.) The hearing official will make a determination of the amounts you should pay based on a review of the financial disclosure forms and any documentation you submit.

☐ I filed for bankruptcy and my case is still open. (Enclosed copies of any document from the court that shows the date that you filed, the name of the court and your case number.)

☐ This loan(s) was discharged in bankruptcy. (Enclose copies of the bankruptcy court's undue hardship determination.)

☐ The borrower has died. (Enclose copy of borrower's death certificate.)

☐ I am totally and permanently disabled (unable to work and earn money because of an impairment that is expected to continue indefinitely or result in death.) I request an application for discharge of my loan(s) for this reason. (Enclose a recent letter from a physician who certifies that you are totally and permanently disabled, and the date you became disabled.)

☐ I used this loan(s) to enroll in _____ (name of school) on or about _____/_____/_____ and could not complete my educational program because the school closed while I was enrolled or not later than 120 days after I withdrew. I request an application for discharge of my loan(s) for that reason.

☐ I did not have a high school diploma or GED when I enrolled at the school I attended when receiving this loan(s), and I believe the school did not properly test my ability to benefit from the program. I request an application for discharge of my loan(s) for this reason.

☐ When I borrowed this loan(s) to attend_____(name of school), I had a condition (physical, mental, age, criminal record) that prevented me from meeting state requirements for performing the occupation for which I received training at the school. I request an application for discharge of my loan(s) for this reason.

☐ I believe a representative of_____(name of school) signed my name without permission on the loan application(s), promissory note(s), loan check(s), or authorization for my loan(s) to be disbursed by electronic funds transfer or master check. I request an application for discharge of my loan(s) for this reason.





☐ This is not my Social Security number and I do not owe this loan(s). (Enclose a copy of your driver's license or other identification issued by a federal, state, or local government agency, and a copy of your Social Security card.)

☐ I believe this loan(s) is not an enforceable debt in the amount stated for the reasons explained in the attached letter. (Attach a letter with any supporting documentation explaining any reason other than those listed above for your objection to collection of this loan(s) amount by garnishment of your salary.)

**PART III.**

I swear under penalty of perjury that the statements I have made on this request are true and accurate to the best of my knowledge.

DATE _____   SIGNATURE_____

Return this form:

    By Mail:    ECMC
                   Attention: Wage Withholding Administrator
                   111 Washington Avenue South, Ste. 1400
                   Minneapolis, MN 55401

    By email:   answers@ecmc.org

    By fax:     916-932-1105





Case 3:19-cv-00198-BR    Document 1    Filed 02/08/19    Page 12 of 14

## ATTACHMENT A

### Loans Subject to Wage Garnishment

| Loan # | Outstanding Balance |
|---|---|
| 01 | 102,358.89 |



*Denotes loan(s) previously noticed as subject to wage garnishment.



# **EXHIBIT B**

March 20, 2018

GHIORSO LAW FIRM
495 STATE ST STE 500
SALEM OR 97301-4384

### ORDER OF WITHHOLDING FROM EARNINGS

This Order of Withholding from Earnings ("Order") is issued on March 20, 2018.

Educational Credit Management Corporation (ECMC) is the holder of a defaulted federally insured student loan(s) owed to ECMC by the employee referenced below. Pursuant to authority granted ECMC by federal law (20 U.S.C. § 1095a; 34 C.F.R. §§ 682.410(b)(6)(vi), 682.410(b)(9)), you are hereby ordered to withhold wages from the employee's disposable pay for payment of a defaulted federal student loan(s). This administrative wage garnishment does not require a court order as ECMC is legally authorized to issue this Order pursuant to the federal law cited above, which preempts all state laws that would conflict with or hinder the administrative wage garnishment process (20 U.S.C. § 1095a(a); 34 C.F.R. § 682.410(b)(8)).

You are required to deduct 15% of the employee's disposable pay for each pay period (please consult with your attorney if multiple garnishments exist, see 15 U.S.C. § 1673; 34 C.F.R. § 682.410(b)(9)(i)(L)).

**EMPLOYEE:**   WILLIAM L GHIORSO            SSN:
                39139 SHILLING DR            Current Balance: $102,687.28

                SCIO OR 97374-9599

Garnishment of the above-referenced employee pursuant to this Order must begin on the first pay period following the receipt of this Order. Wages must be withheld each regular pay period and remitted no less frequently than once each month. Administrative wage garnishment pursuant to this Order must continue until you receive notice from ECMC that the Order is released or suspended.

All withholding payments **MUST** reference the employee's name and last four digits of his/her Social Security number (SSN).

Please remit payments through ACH (instructions included) or by check payable to ECMC at the following address:

ECMC
Lockbox 7096
PO Box 16478
St. Paul, MN 55116-0478
ECMC Federal Tax I.D. #: 41-1778617

If you fail to comply with this Order, ECMC must sue you in state or federal court to recover from you any amount that you failed to withhold, as well as attorney fees, litigation costs, and, at the court's discretion, punitive damages (20 U.S.C. § 1095a(a)(6); 34 C.F.R. § 682.410(b)(9)(i)(P)). .

Please complete and return the enclosed Employer Acknowledgment of Wage Withholding form to the below address within 10 business days of the Order issue date.

If you have questions regarding this matter, please call 866-363-0236 or send correspondence to:

ECMC
Attention: Wage Garnishment Administrator
111 Washington Ave S Ste. 1400
Minneapolis, MN 55401

EDUCATIONAL CREDIT MANAGEMENT CORPORATION
Enclosures: Employer Acknowledgment of Wage Withholding
            Handbook for Employers

# **EXHIBIT C**

May 04, 2018



GHIORSO LAW FIRM
495 STATE ST STE 500
SALEM OR 97301-4384

### NOTICE OF EMPLOYER NON-COMPLIANCE

RE: Wage Withholding of WILLIAM L GHIORSO

On 03/19/2018, Educational Credit Management Corporation ("ECMC") issued the enclosed Order of Withholding ("Order") requiring you to withhold a percentage of the above-mentioned employee's wages for payment of a defaulted student loan(s).

Our records indicate you employ this individual, but as of the date of this letter, you have failed to comply with ECMC's Order by remitting the withholding payments required to by the Order.

Under federal regulation 34 C.F.R. § 682.410(b)(9)(P), ECMC must sue any employer who fails to withhold wages after receipt of an Order. If ECMC is forced to file suit, it is entitled to seek not just the amount an employer fails to withhold, but also attorneys' fees, costs and, at the court's discretion, punitive damages.  20 U.S.C. 1095a(a)(6).

If you are not the current employer of this individual, have already remitted payments pursuant to the Order, or if you have any questions regarding the Order or the Administrative Garnishment process, please call ECMC at 1-866-945-6159. Unless ECMC receives your withholding payment within thirty (30) days after the issuance of this letter, ECMC must review the matter for possible legal action.

Educational Credit Management Corporation

Enclosures:   Order of Withholding From Earnings
              Employer Acknowledgment of Wage Withholding
              Handbook for Employers

